George W. Dowell  SBN 23475
Lange, Kim & Dowell, LLP
6849 Old Dominion Drive
Suite 225
McLean, Virginia 22101
Telephone: (703) 506-1260
Email: george@dowell-law.com

Attorneys for Debtors
SANJEEV ACHARYA AND MINA ACHARYA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SANJEEV ACHARYA<br>MINA ACHARYA<br><br>Debtors, | Bankruptcy Case No. 21-50082<br><br>Chapter 7<br><br>Adv. Proc. No. 21-05025<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTORS' MOTION TO SET ASIDE DEFAULT**<br><br>Hearing Date: May 9, 2023<br>Time: 1:30<br>Judge: Honorable Stephen L. Johnson |
| TriGate Almaden PE Investor, LLC and<br>TriGate Fremont PE Investor, LLC<br><br>Plaintiffs,<br><br>Sanjeev Acharya and Mina Acharya<br><br>Defendants | . |

## I. INTRODUCTION

Sanjeev Acharya and Mina Acharya ("Movants") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Set Aside Default entered against them in the above-captioned bankruptcy case. The default should be set aside for good cause, as the Movants have demonstrated excusable neglect, viable defenses and the absence of prejudice to the opposing party.

## II. FACTUAL BACKGROUND

Defendants Sanjeev and Mina Acharya filed their petition for bankruptcy in January 2021. Plaintiff TrigGate was a creditor and filed a petition for non-dischargeability of its claim against Sanjeev Acharya as part of an equity investment made by TriGate into Acharya's business SiliconSage Builders, which is in receivership. The bankruptcy of the Acharya's followed the filing of a Securities and Exchange Commission ("SEC") complaint against both SiliconSage and Sanjeev Acharya[1]. As part of that action, the SEC appointed a receiver to manage SilcionSage. In doing so, the receiver, not Acharya, took steps that severely impacted the value of TriGate's investment into two projects. As a result of that action, TriGate claims to have suffered losses and is attributing those losses to Acharya under the terms of his personal guaranty executed at the time of the equity investment. Mina Acharya has never executed any documents or agreements in favor of TriGate and has not been named in the SEC action.

Upon receipt of the petition by TriGate for non-dischargeability, Acharya, through counsel, reached out and began discussions with TriGate in an attempt to resolve their claims. (See, Declarations of George Dowell and John Heymann submitted with these Points and Authorities.) Acharya has been left penniless following the collapse of his business and the ongoing SEC action, and could not, nor can he afford to defend the claims being made by TriGate[2]. In an effort to resolve the claims made by TriGate, Acharya, through counsel began attempting to negotiate a settlement. As part of the effort to resolve the matter, TriGate sought to get certain information, both documentary and by testimony, to support their claims for recovery of damages arising out of the

---

[1] Mina Acharya has never been involved in any action by the SEC.
[2] TriGate was one of three creditors that sought non-dischargeability. Acharya was able to quickly resolve the claims of the other two creditors, with stipulated judgements having been filed with this court.

disposition of the projects they invested in. Acharya agreed to cooperate with TriGate and requested to know what information they would be seeking from him. In March of 2022, the parties held a conference call to discuss the information being sought, and what information Acharya could provide without prejudice to any defense in the SEC action.

Once the scope of information was understood, counsel for both parties began work to draft necessary documents to allow Acharya to provide information without waiving any defenses he may seek to assert in the SEC action. His counsel representing him in the SEC action worked with TriGate to arrive at a production of documents and prepared those documents for transmission to TriGate in an effort to continue good faith negotiations to reach a settlement in this matter to prevent either party from incurring unnecessary and likely unrecoverable fees and costs.

Throughout the entire time that TriGate has filed its petition, counsel for Acharya has been engaged with them to cooperate with the intent to resolve this matter. Even in the days leading up to TriGate seeking to enforce its default, the parties were actively working to provide information and discussing resolution. At no point, did TriGate advise that it was seeking this default or would proceed with such a drastic action.

### III. ARGUMENT

A. <u>Legal Standard for Setting Aside Default</u>

Under Federal Rule of Civil Procedure 55(c), incorporated by Federal Rule of Bankruptcy Procedure 7055, the court may set aside an entry of default for good cause shown. To establish good cause, a movant must demonstrate: (1) excusable neglect, (2) a meritorious defense, and (3) the absence of prejudice to the opposing party. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

B. <u>Excusable Neglect</u>

As illustrated above, Defendant has been consistently in contact and working in a good faith and diligent manner with TriGate. Acharya does not have the resources to engage in a full litigation and it was determined that since the information being sought by TriGate was known by and in the possession of Acharya's counsel handling his defense in the SEC action, they would take the lead in

engaging with TriGate.[3] At no point since being served with complaint from TriGate has Acharya engaged in avoidance, intentional delay, or any conduct meant to hamper TriGate's efforts or prejudice their ability to prosecute this action.

In fact, by approaching this matter in the manner he has, Acharya has been able to be <u>more</u> cooperative because if he had filed an answer, and TriGate attempted to purse traditional discovery, Acharya likely would have sought a stay in this matter until the conclusion of the SEC action. Instead, by working in good faith with TriGate through privileged settlement communications and other avenues that permit his ongoing cooperation, Acharya has been able to remain engaged with TriGate in their efforts to recover funds caused by the actions of others.

C. <u>Meritorious Defense</u>

Both Sanjeev and Mina Acharya have meritorious defenses to the allegation set forth in TriGate's complaint.

      a. Mina Acharya

There is absolutely no good faith basis for TriGate to have named Mina in the action to begin with. At all times, their negotiations on the investment with SiliconSage was with Sanjeev and his management team. TriGate was provided full organization charts, and information about the company which did not include Mina in any management capacity. At time of TriGate's investment, Mina was not active in the business and her and Mr. Acharya were separated and preparing for divorce. Regardless, she was never an owner of the business nor participated in any of its management or financial dealings. At no point during their bankruptcy was there evidence indicating that Ms. Acharya received any improper funds from SiliconSage, or from any investments, let alone TriGate's. She did not sign any documents as part of the investment package, and TriGate lacks any information that could remotely attribute any liability to her for their alleged losses. To further support and bolster this assertion, she is not a party to any investigation or action taken the by the SEC.

---

[3] Acharya's counsel in the SEC action is funded by an insurance policy, which has allowed them to have the necessary resources to work with TriGate.

The default against Mina Acharya should be set aside and she should be dismissed. This has been repeatedly asked of TriGate, and it has consistently refused, while also failing to provide any reasonable basis for including her in its petition.

    b. Sanjeev Acharya

Sanjeev Acharya also possesses meritorious defenses against TriGate's allegations. First, the harm alleged by TriGate did not arise out of his breaches, but rather the conduct of the receiver who was put in place by the SEC. Rather than honor certain contracts and agreements between SiliconSage and TriGate that would have allowed it to complete the projects it invested in and likely mitigate its losses, TriGate was excluded from the projects in breach of agreements with subsidiary entities and they were ultimately liquidated at significant losses.

Second, TriGate was not the victim of a fraud. As part of its investment process, it engaged in extensive due diligence that included not only a complete financial review of SiliconSage Builders but also the projects themselves. The review included independent appraisals of the land and review of the construction work performed to date of the investments, as well as completion of their own estimates and projections for the cost to complete and bring each project to market.

Third and finally, Acharya has defenses that can be asserted, but only following the conclusion of the SEC action, that he cannot otherwise bring during the pendency of that proceeding. As a result, and as noted above, by electing to engage with TriGate through settlement communications, Acharya has been able to be more cooperative. Had he answered the complaint, it is extremely likely that he would have immediately sought a stay in this matter, which would likely hampered TriGate's efforts even further.

D. <u>Absence of Prejudice to the Opposing Party</u>

Setting aside the default entered by TriGate will not prejudice them in any way. First, Acharya has, at all times during the pendency of this matter been engaged and working in good faith to assist TriGate to the extent possible with the ongoing SEC action. If TriGate's default is enforced, any interest by Acharya to assist TriGate will end and they will have no means to pursue and obtain any of the information.

Second, by not answering and immediately seeking a stay, TriGate has had the benefit of access to information and will continue to have such a benefit from Mr. Acharya. He has, at all times, maintained a genuine interest in trying to resolve this matter and assist TriGate to minimize their losses. Setting aside the default continues to provide him with a meaningful incentive to continue assisting however possible.

Finally, Mr. Acharya has absolutely no means to satisfy the amount being sought against him by TriGate. Without even addressing California's garnishment protections, and potential monetary punishments that may be imposed by the SEC upon conclusion of its action, there is no conceivably realistic scenario where TriGate can collect the money it is seeking. Setting this default aside, does not create some opportunity for funds to be hidden in the dark of night, or assets to be transferred and sheltered. Those have all been liquidated as part of the bankruptcy.

In sum, there is no prejudice to TriGate for setting aside this default, and there is likely more detriment to their efforts by enforcing it.

## IV. CONCLUSION

For the foregoing reasons, the Court should find that good cause exists to set aside the default entered against the Sanjeev and Mina Acharya. Accordingly, Sanjeev and Mina Acharya respectfully requests that the Court grant the Motion to Set Aside Default and allow Sanjeev and Mina Acharya to present their defenses on the merits.

Dated: April 5, 2023

LANGE, KIM & DOWELL LLP

By: /s/
George W. Dowell
Attorneys for Defendants Sanjeev
Acharya and Mina Acharya